Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com
*Attorney for Gigi Chiapparelli*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Gigi Chiapparelli,<br><br>　　　　Plaintiff,<br>v.<br><br>TDS Financial, LLC dba Apex Capital Consulting,<br><br>　　　　Defendant. | Case No.:<br><br>**Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**<br><br>**Jury trial demanded** |

## Introduction

1. In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged, and protects consumers against debt collection uniformly among the States.

2. Gigi Chiapparelli ("Plaintiff"), by counsel, brings this action to challenge the actions of TDS Financial, LLC dba Apex Capital Consulting ("Defendant"), with regard to Defendant's unlawful attempts to collect debt from Plaintiff, causing harm to Plaintiff.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

### Jurisdiction and Venue

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8. This action arises out of Defendant's violations of the FDCPA.

9. Defendant is subject to personal jurisdiction in Nevada, as it conducts business in Nevada, and attempted to collect debt from Plaintiff in Nevada.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

### Parties

11. Plaintiff is a natural person who resides in Clark County, Nevada.

12. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a company that offers debt collection services.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

14. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a debt collector as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

15. Plaintiff is alleged to have owed a debt to HSBC for a credit card debt in or around 2007 (the "debt").
16. The debt was allegedly incurred primarily for personal, family or household purposes and the debt is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).
17. Sometime thereafter, Defendant was assigned the right to collect on the debt.
18. On or about March 16, 2020, Defendant sent Plaintiff a letter for the purposes of collecting the debt.
19. The letter admitted that "This communication is from a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose."
20. Among other things, the letter said that "For problems relating to the handling of this account you may contact our claims litigation department."
21. The letter also said that "The entire balance of $1,950.49 is now due."
22. The letter said that the original creditor was "HSBC/CAPITAL ONE," without specifying which.
23. Over the phone, Defendant confirmed that the account was opened in 2007.
24. However, Plaintiff never had any such account.
25. Moreover, even if Plaintiff did owe money for the debt, the statute of limitations had passed.

KIND LAW
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

26. Plaintiff called Defendant and was told that Defendant would put a lien on her vehicle if she did not pay the debt. In truth, a lien could only have be placed on a vehicle if Defendant first sued, and then obtained a judgment against Plaintiff.

27. Afraid, Plaintiff tried to negotiate a payment of $260 to stop Defendant's collection efforts but Defendant refused to take the payment.

28. On May 13, 2020, Plaintiff got a call from Defendant

29. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

### Plaintiff's damages

30. Plaintiff has suffered emotional distress and mental anguish as a result of Defendant's actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendant's actions. Plaintiff further suffered humiliation and embarrassment from Defendant's threats, including the need to seek the help of others, including friends, family, and an attorney, because Plaintiff felt helpless against Defendant.

### Count One
### Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

31. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

32. Defendant's conduct also violated § 1692d in that Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse

any person in connection with the collection of a debt. Specifically, Defendant's demand for Plaintiff to pay, and threats of litigation and sending an "officer" after Plaintiff disputed the debt had the natural consequence to harass, oppress, or abuse a consumer.

33. Defendant's conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt.

34. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant falsely represented the amount and the legal status of the debt .

35. Defendant's conduct violated § 1692e(5) by threatening to take action against Plaintiff which could not be legally taken in connection with the debt.

36. Defendant's conduct violated § 1692e(10) in that Defendant employed various false representations and deceptive means in an attempt to collect the debt from Plaintiff.

37. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt .

38. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Prayer for relief**

41. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief that this Court deems just and proper.

**Jury Demand**

42. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 15, 2020.

Respectfully submitted,

**KIND LAW**

/s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Attorney for Gigi Chiapparelli*

COMPLAINT — 6 —